# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,  
              Plaintiff,

vs.

SAMUEL SHARON UPCHURCH,

              Defendant.

_____/

Case No. 4:08-CR-20482-1

United States District Judge

Michael Hluchaniuk  
United States Magistrate Judge

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held, I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I-Findings of Fact**

(1)      The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) that is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*)

(2)      A finding of probable cause that defendant committed an offense described in (1) establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.  I further find that the defendant has not

rebutted this presumption.

**Part II – Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence and a preponderance of the evidence that: detention is appropriate in this matter. After conducting a hearing on the government's motion for detention, it is ordered, pursuant to 18 U.S.C. § 3142(e), that defendant be detained pending trial in this case. This decision was based on the factors contained in § 3142(g). Defendant is charged in an indictment with three offenses (relating to the distribution, possession with the intent to distribute and conspiracy to distribute five grams or more of cocaine base) that have maximum possible sentences of ten years or more. Inherent in the fact that defendant is charged with these offenses under Title 21 in an indictment is the fact that probable cause exists that defendant committed these offenses. Probable cause that such offenses have been committed creates a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e).

Defendant is 23 years old, has resided in Genesee County his entire life and has family, including a mother and two children, who reside in the area. However, he is unemployed (and has never had employment except for eight months of his adult life), claims to own no assets and has no verifiable source of income. Defendant has a prior drug felony conviction in 2003 and a misdemeanor retail

fraud conviction in 2005. An unrelated drug felony charge is currently pending in Genesee County, apparently arising out of an incident in May of 2008.

The offense charged in Count 1 of the present indictment was committed while the defendant was on supervision for his retail fraud conviction. Defendant has admitted using marijuana beginning in 1995 and continuing up to just before his arrest on the present offense, which would indicate that he was using illegal drugs while on supervision for the two offenses he was convicted of as well as while he was on bond for the currently charged Genesee County offense. The Pretrial Services Report indicates that defendant has used an alias and a false Social Security number in the past and the government, during the hearing, proffered that when defendant was originally arrested by state authorities for the offenses that are charged in the indictment he gave the authorities a false name.

Defendant has given information relating to his residence that is inconsistent with other information available to the court. Defendant claimed to have lived with his mother at a residence on Stockdale in Flint for the last ten years. Defendant's girlfriend advised Pretrial Services that defendant lived with her at a residence on Clairmont in Flint and defendant's mother told Pretrial Services that defendant lived with her at a residence on Maybury for the past three months and on Mt. Elliot for the seven years before that. Defendant had informed Genesee County authorities, with respect to his release on bond in those charges, that he

resided on Mt. Elliot. These various statements relating to defendant's residence cannot be reconciled and therefore either the defendant, his girlfriend or his mother are not being truthful about these circumstances.

Defendant's mother was suggested as a third party custodian at the hearing and was called to the witness stand for testimony. Defendant's mother testified that defendant lived with her, on Maybury and Mt. Elliot, and that he helped her with various things around the house and that she gave him money from time-to-time as he needed it. On cross-examination she denied knowing about his prior convictions or the other charges in Genesee County. She also denied knowing about any illegal drug use on his part. Having claimed that defendant lived with her but that she did not know of his prior convictions or drug use, defendant's mother has demonstrated that she is either not being truthful or that she was so detached from the events of his life that she either did not care about him or closed her eyes to his illegal conduct. Either circumstance makes her an unsuitable third party custodian.

Based on the above information, the undersigned concludes that the presumption in favor of detention has not been overcome. While defendant has family ties to this community he has no employment, no assets or any source of income in this area. Even if the presumption had been overcome, the possibility of a ten year mandatory minimum sentence gives defendant an incentive to flee the

jurisdiction and his past conduct on supervision as well as his use of an alias and false Social Security number indicates a sufficient risk of flight that satisfies the government's burden of proof, by a preponderance of the evidence, that defendant is a flight risk. Defendant's prior convictions, his current federal charges and his current Genesee County charges indicates a pattern of conduct that establishes, by clear and convincing evidence, that he is a danger to the community.

**Part III – Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: December 24, 2008          s/Michael Hluchaniuk_____
                                 Michael Hluchaniuk
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Nancy Abraham, AUSA and David A. Koelzer, Esq.,Federal Defenders Office and I hereby certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: Pretrial Services Agency and the United States Marshal's Service.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov