UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Samuel Sharon Upchurch,                        Civil Case No. 10-14854
                                               Criminal Case No. 08-20482
            Petitioner,

                                               Honorable Sean F. Cox
                                               United States District Judge

v.

United States of America,

            Respondent.
_____/

OPINION & ORDER

        Petitioner Samuel Upchurch ("Upchurch") pleaded guilty to distribution of five grams or

more of cocaine base.   On December 18, 2009, the Court sentenced Petitioner to 60 months

imprisonment.  (Doc. No. 56). The matter is currently before the Court on Petitioner's motion to

vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 62), Petitioner's motion for leave to

amend his § 2255 motion (Doc. No. 66), and Petitioner's motion to for extension of time to file

an amended § 2255 motion (Doc. No. 77).  Also before the Court is the Government's Motion to

Dismiss Petitioner's Motion to Vacate Sentence.[1]  For the reasons set forth below, the Court

shall DENY Petitioner's motion to vacate his sentence pursuant to § 2255, DENY Petitioner's

motion for leave to amend his § 2255 motion, DENY AS MOOT Petitioner's motion for an

extension of time to file an amended § 2255 motion, and GRANT the Government's  Motion to

Dismiss Petitioner's Motion to Vacate Sentence.

_____

        [1]The Court has construed the Government's motion dismiss as its response to Petitioner's
motion pursuant to § 2255.

1

BACKGROUND

On September 17, 2011, a Grand Jury issued a three-count indictment charging Upchurch for the possession and distribution of 13.84 grams of cocaine base.  (Doc. No. 3).  Count Two charges Upchurch with distribution of cocaine base in violation of 21 U.S.C. § 841.  (*Id*.).

Upchurch entered into a Rule 11 Plea Agreement ("the Plea Agreement," Doc. No. 26), which provided that he would plead guilty to Count Two, that his sentence would be 120 months imprisonment, and that the Government would dismiss Counts One and Three.  (*Id*. at ¶¶ 1(A), 2(B), and 5).

The Plea Agreement expressly provided that Upchurch waived his right to appeal his conviction or sentence.  (*Id*. at ¶ 7.).  The Plea Agreement further provided:

> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentence by filing post-conviction motions, petitions, or independent civil actions.  As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(*Id*.).  Upchurch signed the Plea Agreement immediately beneath the following attestation:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms.  He/she also acknowledges that he/she is satisfied with his/her attorney's advice and representation.  Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his lawyer.

(*Id*. at 8).

Pursuant to the terms of a Rule 11 Plea Agreement, Upchurch pleaded guilty to Count Two of the indictment on February 20, 2009.  (Doc. No. 68, 2/20/09 Plea Trans.)  At that time, Upchurch agreed with the summary of the Plea Agreement as stated by the prosecutor and his counsel and agreed it was complete.  Upchurch further acknowledged that he was giving up his

2

right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. (*Id*. at 10-11). This Court accepted Upchurch's guilty plea on February 20, 2009, and took the Plea Agreement under advisement.

On December 18, 2009 – the day of the sentencing hearing – the parties stipulated to correct the presentence report to reflect that Upchurch was subject to a 60-month statutory minimum sentence and that Upchurch's guideline range was 87 to 108 months, rather than the 120 months as stated in the Plea Agreement. (Doc. No. 70, 12/18/09 Sent. Trans. at 3-4). This Court accepted the Plea Agreement and sentenced Upchurch to the statutory minimum term of 60 months imprisonment. Judgment was entered on December 18, 2009. (Docket Entry No. 52). Upchurch did not appeal his conviction or sentence.

On December 6, 2010, Upchurch filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. § 2255. Upchurch also filed a motion on for leave to amend his § 2255 motion on January 19, 2011. (Doc. No. 66).

The Government responded to Upchurch's §2255 motion, via its own motion to dismiss, on February 14, 2011. (Gov. Mtn., Doc. No. 72).

Upchurch then filed a Motion for Extension of Time to File Amended § 2255 on March 8, 2011. (Doc. No. 74).

The Government responded to Upchurch's motion for leave to amend on May 4, 2011. (Doc. No. 77).

## LEGAL STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence imposed was

3

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

## ANALYSIS

Although his motion is difficult to follow, it appears that Upchurch argues that his sentence should be vacated due to ineffective assistance of counsel and also because the Government abused its discretion in "comity violations of the comity doctrine."

The Government contends that this Court must dismiss Upchurch's § 2255 motion under *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001), *Skaggs v. United States*, 104 Fed.Appx. 462 (6th Cir. 2004), and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Upchurch waived his right to collaterally attack his sentence in the plea agreement he executed. The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89. The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack

4

collaterally, from those that go to the very validity of a guilty plea." *Id.* In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea. *Id.*

Here, however, Upchurch does not allege any facts or details that would articulate a plausible claim for ineffective assistance of counsel. Notably, Upchurch has not raised any challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. Additionally, in his motion for leave to amend, Upchurch states that he would like to amend his motion to allege ineffective assistance of counsel for failing to file a direct appeal, and for a "jurisdictional issue." In this second motion, Upchurch similarly fails to raise any challenges to the voluntariness of his waiver of appeal. Accordingly, Upchurch waived his right to collaterally attack his sentence in the plea agreement that he executed.

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its ruling. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

Upchurch waived his right to collaterally attack his sentence in the plea agreement that he

executed.  Accordingly, **IT IS ORDERED** that Upchurch's § 2255 Motion (Doc. No. 62) is

hereby **DISMISSED** and the Government's Motion to Dismiss Petitioner's Motion to Vacate

Sentence (Doc. No. 72) is **GRANTED**.

      **IT IS FURTHER ORDERED** that Upchurch's motion for leave to amend his § 2255

motion (Doc. No. 66) is **DENIED**.

      **IT IS FURTHER ORDERED** that Upchurch's motion for an extension of time to

amend his § 2255 motion is **DENIED AS MOOT**.

      **IT IS FURTHER ORDERED** that the Court declines to issue a certificate of

appealability.

      **IT IS SO ORDERED.**

Dated:  November 10, 2011          S/ Sean F. Cox
                                 Sean F.Cox
                                 U. S. District Court Judge


I hereby certify that on November 10, 2011, the foregoing document was served upon counsel of
record by electronic means and upon Samuel Sharon Upchurch by First Class Mail at the address
below:

Samuel Sharon Upchurch # 42697-039
Canaan
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 300
Waymart, PA 18472

Dated:  November 10, 2011          S/ J. Hernandez
                                 Case Manager